**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ULIOUS BROOKS,

    Plaintiff,

  v.

SGT MIKE DILLOW, et al.,

    Defendants.

Case No. 1:15-cv-812
Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an SOCF inmate, is an experienced litigant, having filed two petitions for writ of habeas corpus and four civil suits concerning conditions of his confinement in this Court, as well as numerous lawsuits in state court.[1] Plaintiff initiated the instant lawsuit, again proceeding *pro se* and *in forma pauperis*, on December 22, 2015.

On initial screening,[2] the undersigned recommended dismissal of all claims with the exception of a single claim against Defendant Sgt. Dillow, based on allegations that Sgt. Dillow used excessive force against Plaintiff on November 24, 2015. Plaintiff was

---

[1] *See* Case No. 1:15-cv-39 (civil rights, Doc. 43 at 4, noting that Plaintiff "has filed numerous cases in both this Court and the [Ohio] Court of Claims."); Case No. 1:10-cv-953 (denying petition for writ of habeas corpus that sought to overturn conviction on a third-degree felony charge of attempted felonious assault on a correctional officer at SOCF); Case No. 1:09-cv-922 (civil rights); Case No. 1:14-cv-475 (habeas corpus); Case No. 1:10-cv-77 (civil rights); Case No. 1:15-cv-812 (civil rights).

[2] Prisoners who file civil actions or appeals of civil judgments are generally barred from filing any new action if the prisoner has, "on 3 or more prior occasions, while incarcerated…, brought an action or appeal…that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. §1915(g). Despite a relatively litigious history, Plaintiff does not fall into that category. Habeas petitions do not count towards the "three strikes" provision, and to date, only portions of the complaint in this case, and Case No. 1:10-cv-77 have been dismissed on grounds that would appear to count toward a bar of future suit under §1915(g).

subsequently permitted to amend his complaint to add a new sexual harassment claim against a new Defendant, "Correctional Officer Spradlin," as well as to include additional allegations regarding a "retaliatory transfer" claim alleged in the original complaint against Dillow. (Docs. 11, 12, 14).

In lieu of an answer, Defendant Spradlin filed a motion to dismiss. Plaintiff has filed a response to that motion, to which Defendant has filed a reply. For the reasons discussed herein, the undersigned recommends that Defendant's motion be granted, and that this case continue to proceed solely against the original Defendant, Sgt. Dillow.

**I. Background**

Because only the claim against Defendant Spradlin is at issue in the pending motion to dismiss, the undersigned will limit discussions to that claim. After alleging the excessive use of force by Defendant Sgt. Dillow on his way to "the hole" on November 24, 2015, Plaintiff alleges:

> Once I arrived to the hole I was sexually assaulted by C-O Spradlin. He was the C-O to strip me out so I can go inside of the hole. And during the process of me getting stripped out he made sexual comments about my penis. Then he instructed me to rub my hands through my penis. Then he instructed me to rub my hands into my mouth. Once I did this he laughed and said it made his penis hard to see me taste my own penis (using curse words).

(Doc. 12 at 7-8; see also id at 9).

Plaintiff explains that his claim of sexual harassment is based upon his federal right to be free from sexual assault while in prison, under the Prison Rape Elimination Act ("PREA"), and in recognition of the fact that sexual assault in prison can constitute a

2

violation of the Eighth Amendment under *Farmer v. Brennan*, 511 U.S. 825 (1994).[3] (See Doc. 12 at 9-10). Plaintiff also relies upon two cases from the D.C. Circuit and the Ninth Circuit Court of Appeals, which he argues support his claim against Spradlin even in the absence of any physical injury. (Doc. 12 at 9-10). As relief, Plaintiff seeks $80,000 and transfer to the Toledo Correctional Institution.

**II. Analysis**

On a motion to dismiss, the undersigned must "construe [the] complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 51-12 (6th Cir. 2001). Those allegations, stated above, are undeniably repugnant. Nevertheless, Defendant Spradlin is entitled to dismissal of Plaintiff's claims against him as a matter of law, based both on the grounds asserted by that Defendant in the pending motion, as well as on the alternative grounds that Plaintiff has failed to exhaust his administrative remedies regarding any claim.

**A. Eleventh Amendment Immunity**

To the extent that Plaintiff is attempting to bring his claim against Defendant Spradlin in his official capacity, Defendant accurately points out that any such claim is barred by the Eleventh Amendment. *See generally, Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). A suit against a state official in his official capacity is no different from a

---

[3]In *Farmer*, the Supreme Court held that a claim can be stated under the Eighth Amendment for failing to prevent an inmate assault, in a case where the allegations suggested that the pre-operative transsexual prisoner faced a substantial risk of serious harm and the officials deliberately disregarded that risk.

suit against the state itself. Ohio has not waived its sovereign immunity under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

On the other hand, while the capacity in which CO Spradlin was named is not entirely clear from the amended complaint, the most reasonable construction would be that Plaintiff is suing Defendant Spradlin solely in his individual capacity. In addition, Plaintiff clarifies in his response that he is

> suing the defendant in his individual capacity. If plaintiff wanted to sue the defendant in his official capacity he would have filed his civil suit in the court of claims and sued O.D.R.C. instead. Plaintiff knows how to cho[o]se who he want[s] to sue and what court to file it in.

(Doc. 24 at 3). The Eleventh Amendment does not provide immunity to suit to Defendant Spradlin in his individual or personal capacity.

### B. Failure to State a Claim

Dismissal of Plaintiff's claim against Defendant Spradlin in his individual capacity remains appropriate because the allegations – abhorrent as they are - fail to state a cognizable claim under §1983. In order to establish personal liability against Defendant Spradlin under §1983, Plaintiff must show that Spradlin was "acting under color of state law" and "caused the deprivation of a federal right." *Hafer v. Melo*, 502 U.S. 21, 25 (1991)(internal quotation marks and citation omitted). Here, the essence of Plaintiff's claim is that the Defendant made sexual remarks to Plaintiff in a single, isolated incident, in which the Defendant made no physical contact with Plaintiff. While Plaintiff alleges that the Defendant instructed Plaintiff to engage in lewd behavior in front of the Defendant, Plaintiff does not allege that the Defendant physically or verbally threatened him in any manner.

4

### 1.  Failure to State Eighth Amendment Claim

The Defendant concedes as he must that "[b]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Lakhani v. Seneca County Sheriff's Office*, 2011 WL 2938150 at *11 (N.D. Ohio June 30, 2011)(citing Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997)).  However, to prove such a claim, the plaintiff must prove both an objective and a subjective component; namely, that the alleged abuse or harassment caused objective "pain" and that subjectively, the officer acted with a sufficiently culpable state of mind.  *Id.* at *11.  The undersigned concludes that, based upon the allegations in the complaint, Plaintiff has sufficiently pleaded the "subjective" component of an Eighth Amendment claim against Sandlin, because the only reasonable inference is that Sandlin made the alleged verbal remarks and laughed out of a desire to humiliate plaintiff, a desire for sexual gratification, or both.

Nevertheless, the allegations fail to show the objective component required to state an Eighth Amendment claim, because Plaintiff alleges no physical contact. "Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain." *Id.*  As a district court from the Northern District of Ohio explained last year:

> [S]exual harassment, absent contact or touching, does not satisfy the objective requirement. Such conduct does not constitute an unnecessary and wanton infliction of pain. *See Morales v. Mackalm,* 278 F.3d 126, 132

5

> (2d Cir.2002) (allegations that prison guard asked [male] prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation), *overruled on other grounds by Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n. 11 (10th Cir.1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett,* No. 99–1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *Zander v. McGinnis,* No. 97–1484, 1998 WL 384625*,* at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. U.S. Bureau of Prisons*, No. 95–5204, 1997 WL 34677, at *3 (6th Cir. Jan.28, 1997) (offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference did not state an Eighth Amendment claim). Other courts have held that even minor, isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Jackson v. Madery,* 158 Fed.Appx. 656, 662 (6th Cir.2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward,* No. 99–1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro,* 137 F.3d 1073, 1075 (8th Cir.1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *Boddie [v. Schneider,* 105 F.3d 857, 859-861 (2nd Cir. 1997)] (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

*Sautter v. Halt*, No. 4:12CV2399, 2015 WL 1915251, at *8 (N.D. Ohio Apr. 27, 2015);

*see also Caster v. Overmyer*, 2014 WL 3907973 at *2 (N.D. Ohio July 24, 2014)(holding that inmate who alleged that officers encouraged her irrational and lewd behavior while naked did not violate Eighth Amendment); *Vanzant v. McQuiggin*, 2011 WL 130333 at *4 (W.D. Mich., Jan. 14, 2011)(no claim against officer who allegedly stared at

6

prisoner's penis and smiled); *Papaioan v. Riley*, 2010 WL 1234992 at *3 (E.D. Ky., March 23, 2010)(continual and sexually explicit verbal comments fail to state a claim absent contact or touching); *Calvert v. Weatherford*, 2013 WL 1937690 at *2 (M.D. Tenn. May 9, 2013)(allegations that correctional officer instructed plaintiff to "turn around" and "let him see" while plaintiff was changing shirts, stared, made sexual grunting sounds, looked at plaintiff's crotch and bit his lip "sexually" while "profusely" sweating and "breathing hard" in a sexual manner, failed to state a claim in the absence of any physical contact because "mere words, no matter how offensive, threatening or insulting, do not rise to the level of a constitutional violation.").

While the undersigned can only underscore Defendant's statement that an allegation of "provocative, sexually degrading speech by a correctional officer is <u>certainly loathsome</u>," (Doc. 20 at 7, emphasis added), the allegations do not amount to a violation of the Eighth Amendment. In fact, as the courts in *Lakhani* and in *Sautter* both pointed out, "courts have held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation." *Lakhani*, *supra at* *11; *Sudberry v. Jackson*, 2010 WL 816207 at *2 (S.D. Ohio March 4, 2010)(plaintiff's allegations "that a corrections officer made offensive sexual remarks and on one occasion touched [plaintiff] in a manner that [plaintiff] perceived to be sexual are not sufficiently serious to rise to the level of a constitutional violation"); *Johnson v. Ward*, 215 F.3d 1326 (Table, full text available at 2000 WL 659354)(6th Cir. May 11, 2000)(prisoner's claim that corrections officer placed his hand on plaintiff's buttock in a sexual manner and made an offensive sexual remark did not meet objective component of Eighth Amendment claim); *Atkinson v. Wyse*, 2013

WL 4487510 (E.D. Mich 2013)(single instance of alleged nonconsensual sexual touching during a pat down search does not violate the Eighth Amendment); *Valencia v. Rushing*, 2011 WL 2621671 at *2-3 (N.D. Ohio July 5, 2011)(inmate complained without context that a guard inappropriately touched his butt and anus on three occasions, but court dismissed as "isolated, brief, and not severe."). Verbal abuse, even when sexually suggestive, does not equate to a constitutional violation. *See generally Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Consistent with the cited cases involving similar allegations, there are no allegations in this case that the Defendant threatened or caused physical harm to the Plaintiff, through words or conduct, or that the Plaintiff had a reasonable fear of harm or reprisal for disobeying the alleged instruction to engage in a lewd act.[4]

The conclusion that the lack of any physical injury dooms Plaintiff's Eighth Amendment claim in this case is consistent with the PLRA, which prohibits any federal civil action "brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." See 42 U.S.C. §1997e(e). *Accord Bowling v. United States*, No. 15-CV-107-HRW, 2016 WL 730276, at *3 (E.D. Ky. Feb. 22, 2016)(dismissing claim where inmate alleged that another inmate grabbed his buttock and sexually propositioned him, because the alleged harm was solely psychological and failed to state a claim under PLRA in the absence of physical injury). Even if a reviewing court were to construe the allegations of Plaintiff touching himself as "instructed" as tantamount to a physical

---

[4] Defendant calls attention to this fact several times in his motion to dismiss. As Defendant points out in his reply, Plaintiff's response in opposition makes no attempt to bolster the allegations beyond those articulated in the amended complaint.

encounter with the Defendant, the encounter appears to have been too brief, isolated, and insufficiently severe to satisfy the objective component of an Eighth Amendment claim. See *Johnson*, 158 Fed. Appx. at 661.

The two cases relied upon by Plaintiff – neither of which is from the Sixth Circuit - are easily distinguishable. For example, *Daskalea v. District of Columba*, 227 F.3d 433 (D.C. Cir. 2000) involved conduct that was neither brief nor isolated, and far more severe than the allegations described by Plaintiff here. In *Daskalea*, the inquiry was whether a municipality could be held liable for the acts of individual officers who subjected a female inmate to "routine sexual abuse" and a "campaign of fear, harassment, and violence." *Id.* at 436, 438 (emphasis added). The D.C. Circuit found "a culture of routine acceptance of sexual encounters between staff and inmates" including a cell "kept empty and used for sex between prisoners and guards." *Id.* at 438. On one occasion, a guard escorted the plaintiff to a dedicated room "notorious for engaging in sexual misconduct" where a waiting inmate attacked and attempted to sexually assault her. Later, another guard forcibly restrained the plaintiff while an inmate attacked her. *Id.* The "head guard" also organized "a series of evenings during which female inmates stripped and danced provocatively" in the presence of guards and inmates, and "guards assaulted inmates who refused to dance." *Id.* at 439. Plaintiff Deskalea was dragged to one such exhibition by order of the head guard, and was required to strip so that other inmates could rub oil over her body and grope her. The plaintiff's repeated grievances and requests to call an attorney were refused. *Id.* In short, the allegations of the instant case bear little similarity to the "campaign of fear, harassment, and violence" and culture of "routine sexual abuse" described in *Daskalea*.

Similarly, Plaintiff's allegations in this case bear no resemblance to the type of allegations at issue in *Schwenk v. Hartfor*, 204 F.3d 1187 (9th Cir. 2000). In *Schwenk*, the Ninth Circuit held that a preoperative male-to-female transsexual could maintain suit against a state prison guard and other prison officials under §1983 and the Gender Motivated Violence Act ("GMVA) for attempted rape by a guard. There, the plaintiff alleged that the guard "subjected her to an escalating series of unwelcome sexual advances and harassment that culminated in a sexual assault," which advances included separate incidents of the guard grabbing the plaintiff and groping her, an interrupted attempt to rape plaintiff, a threat to punish the plaintiff if she did not submit to sex with the guard, and ultimately retaliation against her for refusing to submit. In denying qualified immunity to the guard, the Ninth Circuit held that "a reasonable prison guard could not have believed that he could with impunity enter the cell of a prisoner (transsexual or otherwise), unzip his pants, expose himself, demand oral sex, and then, after being refused, grab the prisoner, push her up against the bars of the cell, and grind his naked penis into her buttocks." *Id.* at 1198.

In contrast to the easily distinguishable cases cited by Plaintiff from other circuits, the cited case law within the Sixth Circuit supports the dismissal of Defendant Spradlin based upon Plaintiff's failure to state an Eighth Amendment claim against him. *Accord Johnson v. Ward*, 215 F.3d 1326 (6th Cir. 2000); *Beeman v. Heyns*, 2016 WL 1316771 (W.D. Mich. April 4, 2016).

### 2. Alleged Violations of the PREA

Liberally construing Plaintiff's response in opposition to dismissal, Plaintiff argues that he should be permitted to proceed because he has stated a violation of the Prison

10

Rape Elimination Act ("PREA"), whether or not an Eighth Amendment violation is stated. See 42 U.S.C. §15601, et seq. However, as other courts have explained in rejecting similar claims, the PREA does not provide prisoners with a private right of action for suit, whether under §1983 or other law. *See e.g., Peterson v. Burris*, 2016 WL 67528 (E.D. Mich. Jan. 6, 2016)(female prisoner could not bring a claim under PREA or §1983 for over-familiarity for allegations of staff conduct that "has or is likely to result in intimacy or a close personal association," collecting cases holding that PREA creates no private right of action); *Beckham v. Keaton*, 2015 WL 1061597 at *6 (E.D. Ky March 10, 2015); *Simmons v. Solozano*, 2014 WL 4627278 at *4 (W.D. Ky. Sept. 16, 2014); *Good v. Ohio Dep't of Rehab & Corr*, Case NO. 2:11-cv-857, 2011 US Dist LEXIS 127558 at *5 (S.D. Ohio Nov. 3, 2011).

### C. Qualified Immunity

Defendant argues that he is entitled to qualified immunity even if this Court were to find that the allegations otherwise state an Eighth Amendment claim. Although the undersigned finds no need to reach this issue to the extent that I find the allegations to be insufficient to state an Eighth Amendment claim as a matter of law, I alternatively would find the Defendant to be entitled to qualified immunity. A government official is entitled to qualified immunity unless the plaintiff shows that he violated a clearly established constitutional right. Based upon the absence of any controlling case law establishing a right under the Eighth Amendment to be free from the type of isolated sexual harassment alleged herein, and the wealth of case law that appears to support a contrary conclusion, Defendant Spradlin is entitled to qualified immunity. *Accord Howard v. Taggart*, 2007 WL 2840369 at **6, 8 (N.D. Ohio, Sept. 27, 2007)(holding that

11

officer who allegedly groped inmate's genitals during a "single incident" was entitled to qualified immunity for any Eighth Amendment claim); *see also Roden v. Sowders*, 84 Fed. Appx. 611, 613 (6th Cir. 2003)("Even if [the defendant prison guard] did laugh, the strip search is not rendered constitutionally invalid thereby.").

### D.  *Sua Sponte* Evaluation of Exhaustion Issue

The undersigned notes that Plaintiff may not have administratively exhausted his allegations against Defendant Sprandlin at the time he sought to file his amended complaint.  Attached to Plaintiff's amended complaint is a copy of an informal complaint resolution ("ICR") and the "disposition of grievance" dated 12/29/2015, stating that the incident was reported to PREA for further investigation due to the nature of the allegations, but also stating that the investigation of the grievance found "no merit" to the allegations.  (Doc 12 at 16).  Plaintiff also attached an "Appeal to the Chief Inspector" form in which he formally appeals the 12/29/2015 adverse disposition of his grievance, but he does not provide any documents or information as to whether his January 6, 2016 appeal was resolved prior to January 25, 2016, when he tendered his amended complaint to this Court.  Given the timing of the events and the documentation tendered by Plaintiff that reflects only partial exhaustion, it would be reasonable to infer that Plaintiff did not fully exhaust his administrative remedies.

The Supreme Court has held that exhaustion of administrative remedies is an affirmative defense that does not need to be pled specifically in the complaint.  *Jones v. Bock*, 549 U.S. 199, 216 (2007)(overruling Sixth Circuit precedent to the contrary).  On the other hand, where it is apparent from the face of the complaint and attached exhibits that an inmate has failed to exhaust the prison grievance procedure *sua sponte*

12

dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. *See Gergely v. Warren Correctional Institution*, No. 1:09-cv-757, 2009 WL 4597943, at *3 (S.D. Ohio Dec. 3, 2009) (and cases cited therein). Ordinarily, the undersigned does not review the issue of exhaustion under the PLRA *sua sponte*. However, for the reasons stated, the instant case comes close to presenting a failure to exhaust on the face of the amended complaint.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMMENDED** that Defendant Spradlin's motion to dismiss Plaintiff's claims against him (Doc. 20) be GRANTED and that all claims against that Defendant be dismissed with prejudice, leaving only Plaintiff's claims against Defendant Correctional Officer Mike Dillow.

 *s/ Stephanie K. Bowman*
 Stephanie K. Bowman
 United States Magistrate Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ULIOUS BROOKS,

    Plaintiff,

  v.

SGT MIKE DILLOW, et al.,

    Defendants.

Case No. 1:15-cv-812
Black, J.
Bowman, M.J.

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with the procedure may forfeit rights on appeal. *See Thomas v. Am,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).