**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ULIOUS BROOKS,

       Plaintiff,

   v.

SGT MIKE DILLOW, et al.,

       Defendants.

Case No. 1:15-cv-812
Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an SOCF inmate, is an experienced litigant, having filed two petitions for writ of habeas corpus and four civil suits concerning conditions of his confinement in this Court, as well as numerous lawsuits in state court.[1]  Plaintiff initiated the instant lawsuit, again proceeding *pro se* and *in forma pauperis*, on December 22, 2015.

On initial screening,[2] the undersigned recommended dismissal of all claims with the exception of a single claim against Defendant Sgt. Dillow, based on allegations that Sgt. Dillow used excessive force against Plaintiff on November 24, 2015.  Plaintiff was

---

[1] *See* Case No. 1:15-cv-39 (civil rights, Doc. 43 at 4, noting that Plaintiff "has filed numerous cases in both this Court and the [Ohio] Court of Claims."); Case No. 1:10-cv-953 (denying petition for writ of habeas corpus that sought to overturn conviction on a third-degree felony charge of attempted felonious assault on a correctional officer at SOCF); Case No. 1:09-cv-922 (civil rights); Case No. 1:14-cv-475 (habeas corpus); Case No. 1:10-cv-77 (civil rights); Case No. 1:15-cv-812 (civil rights).

[2] Prisoners who file civil actions or appeals of civil judgments are generally barred from filing any new action if the prisoner has, "on 3 or more prior occasions, while incarcerated…, brought an action or appeal…that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim."  28 U.S.C. §1915(g).  Despite a relatively litigious history, Plaintiff does not fall into that category.  Habeas petitions do not count towards the "three strikes" provision, and to date, only portions of the complaint in this case, and Case No. 1:10-cv-77 have been dismissed on grounds that would appear to count toward a bar of future suit under §1915(g).

subsequently permitted to amend his complaint to add a new sexual harassment claim against a new Defendant, "Correctional Officer Spradlin," as well as to include additional allegations regarding a "retaliatory transfer" claim alleged in the original complaint against Dillow.  (Docs. 11, 12, 14).  However, on May 5, 2016, the undersigned recommended that Defendant Spradlin's motion to dismiss be granted.  (Doc. 31).

This Report and Recommendation recommends the denial of a motion for temporary restraining order filed by Plaintiff on the same date he moved to amend his complaint.  (Doc. 9).

**I. Background**

In the only claim not already dismissed or recommended for dismissal, Plaintiff alleges that Defendant Dillow used excessive force against Plaintiff on November 24, 2015, and that the same Defendant has mistreated Plaintiff since Plaintiff's transfer to Unit K-1 at SOCF, including tampering with his incoming mail.  In his motion for a temporary restraining order, Plaintiff seeks an order from this court directing "defendant John McCoy, and each of his officers, agents, employers, and all persons acting in concert or participation with them" to be "restrained from being around plaintiff Ullious Brooks, by immediately transferring [Plaintiff] out of S.O.C.F. to Toledo Correctional Institution in order to keep him away from S.O.C.F. administration, and the countless Correctional Officers, and staff officials who act bias[ed] towards him, and threaten him verbally." (Doc. 9 at 1).

**II. Analysis**

In a "Declaration" in support of his motion for a temporary restraining order, Pliantiff asserts that he is "constantly being harassed by a C-O name[d] Pruitt who

2

works over here in Unit K-1" and who is "acting in concert with" Defendant Dillow. According to Plaintiff's Declaration, C-O Pruitt, who is not a Defendant herein, was responsible for Plaintiff's failure to receive a birthday card mailed by Plaintiff's mother. He further alleges that Pruitt refuses to provide Plaintiff with razors for the shower, "verbally disrespects" Plaintiff, and that Plaintiff fears reviewing evidence relating to this case to the extent that the relevant evidence must be reviewed at "Case Manager Parker's office" which is "next to" Defendant Dillow's office. (Doc. 9 at 2). Plaintiff seeks specific restraining orders against Pruitt, Dillow, and Spradlin.

In determining whether to issue a TRO or an emergency injunction, the Court balances the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

See *Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226-227 (6th Cir. 1996), citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977)(applying preliminary injunction factors to motion for temporary restraining order).

On the record presented, Plaintiff has demonstrated none of the factors required to obtain a temporary restraining order or other preliminary injunctive relief. The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *University of Texas v. Camenisch,* 451

3

U.S. 390, 395 (1981); *see also Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 102 (6th Cir. 1991). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *See Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir.2002). When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *See Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir.1988); *Kendrick v. Bland,* 740 F.2d 432, 438, n. 3 (6th Cir.1984)("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities").

The temporary restraining order that Plaintiff seeks in this case would significantly interfere with prison administration by requiring the transfer of Plaintiff to another institution. Thus, the public interest disfavors issuance of the TRO directing Plaintiff's transfer to another institution, much less the specific institution specified by Plaintiff. The TRO also would impact multiple individuals who were either never named as defendants or are no longer parties to this litigation (i.e. "defendant John McCoy, and each of his officers, agents, employers, and all persons acting in concert or participation with them…," C.O. Pruitt and Defendant Spradlin). Based on the prior R&Rs filed in this case and in view of the record as a whole, Plaintiff's affidavits are insufficient to demonstrate a likelihood of success on the merits of his remaining claims against Dillow, or that he will suffer irreparable harm in the absence of a TRO.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMMENDED** that Plaintiff's motion for a temporary restraining order (Doc. 9) be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ULIOUS BROOKS,

    Plaintiff,

  v.

SGT MIKE DILLOW, et al.,

    Defendants.

Case No. 1:15-cv-812
Black, J.
Bowman, M.J.

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with the procedure may forfeit rights on appeal. *See Thomas v. Am,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).